

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 10, 2020

**BY ECF**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States* v. *Michelle Foley*, 18 Cr. 521 (VM)

Dear Judge Marrero:

    The parties jointly write in response to the Court's order, dated July 27, 2020, regarding their proposal for further proceedings. *See* 18 Cr. 521 (VM), dkt. no. 33. As described below, the Government and United States Probation Office recommend that the Court modify defendant Michelle Foley's supervised release and impose a particular special condition. The defendant, however, has absconded from supervision and defense counsel does not have contact information for the defendant to determine whether she would consent to such a modification. The parties, therefore, respectfully request that they be permitted to provide the Court with an update once the defendant has been located. At that time, a hearing addressing any violations of supervised release could be held and the Court could also address whether the defendant consents to or requests a hearing regarding the imposition of this special condition. If the defendant has not been located in approximately three months, the Government can provide a further update notifying the Court.

    As the Court is aware, on July 24, 2020, the Second Circuit vacated a particular special condition that was imposed at the defendant's sentencing ("Special Condition 3"), which requires that the defendant inform third parties of the risk that she may pose to them if instructed to do so by a Probation Officer. *See* dkt. no. 32. The Second Circuit remanded this case for resentencing. *See id*. In doing so, the Second Circuit relied on its prior decision in *United States v. Boles*, 914 F.3d 95 (2d Cir. 2019), which held that a particular condition of supervised release that uses the same language as Special Condition 3 was impermissibly vague and vested too much discretion in the United States Probation Office.

    In light of the Second Circuit's opinion in *Boles*, and after the defendant's sentencing in this case, the Southern District of New York issued a standing order in which it permanently vacated from any judgment in this District a standard condition ("Standard Condition 12") without any need for motion practice or other judicial proceedings. *See* In re: Vacatur of Standard Condition of Supervision Pertaining to Third Party Risk, 19-Misc-218, Exhibit A. Standard

Hon. Victor Marrero                                                                                                   Page 2
August 10, 2020

Condition 12 is identical to the standard condition imposed in *Boles* and to Special Condition 3 that was imposed in this case. In its standing order, this District also created a special condition that could be imposed upon the probation officer's recommendation and if the Court accepts that recommendation. *See id*. The newly created special condition reads as follows:

> If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

*See id*. at 1-2. The probation officer who has been assigned to this case has informed the Government that he recommends imposing the special condition of supervised release described above. The probation officer believes that such a condition would be appropriate given the defendant's long history of committing fraudulent crimes and her offense conduct, during which she engaged in extensive financial fraud while working at a non-profit organization. The probation officer further believes that such a special condition is warranted because the defendant has absconded from supervision and has failed to provide any information to the Probation Office regarding her employment prospects or status.

The parties have conferred and agree that the defendant's supervised release could be modified and this proposed special condition could be imposed pursuant to Federal Rule of Criminal Procedure 32.1(c). However, pursuant to Fed. R. Crim. P. 32.1(c), the defendant has the right to a hearing unless she waives that right. As described above, the defendant has not reported to the Probation Office since her release, her location at this time is unknown, and defense counsel does not have any current contact information for her. Accordingly, the parties respectfully propose that they be permitted to advise the Court once the defendant has been located and, at that time, address whether a hearing is necessary to add this proposed condition of supervised release or if the defendant will consent to such a modification of her supervision.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____
Elinor L. Tarlow
Assistant United States Attorney
(212) 637-1036

SO ORDERED.
August 11, 2020
DATE
VICTOR MARRERO, U.S.D.J.

Cc: Samidh Guha, Esq. (by CM/ECF)