```
                                        ┌─────────────────────────┐
                                        │ USDC SDNY               │
                                        │ DOCUMENT                │
  UNITED STATES DISTRICT COURT          │ ELECTRONICALLY FILED    │
  SOUTHERN DISTRICT OF NEW YORK         │ DOC #:_____ │
                                        │ DATE FILED: 4/9/24      │
                                        └─────────────────────────┘
```

┌─────────────────────────────────────────┐
│  UNITED STATES OF AMERICA,              │
│                                         │      **18 Cr. 521 (VM)**
│                       Plaintiff,        │
│                                         │      **ORDER**
│             - against -                 │
│                                         │
│  MICHELLE FOLEY,                        │
│                                         │
│                       Defendant.        │
└─────────────────────────────────────────┘

**VICTOR MARRERO, United States District Judge.**

On March 28, 2024, the Court held a proceeding to address alleged violations of supervised release by defendant Michelle Foley ("Foley"). During that proceeding, Foley pleaded guilty to two violation specifications contained in the amended violations report issued by the Probation Department on December 21, 2023. (See Tr.[1] at 9.) The parties then proceeded to make sentencing recommendations to the Court. The Government recommended a sentence of 21 months' imprisonment. (See id. at 12.) Foley, through counsel, requested a time-served sentence, or in the alternative a sentence that Foley could serve at a halfway house called Integrity House. (See id. at 21–22.)

The Court then sentenced Foley as follows: "In light of your violation of the terms of supervised release, the Court

---

[1] The transcript of the proceeding is currently under seal.

1

hereby sentences you to 16 months' imprisonment. The Court will recommend to the Bureau of Prisons that you be considered for custody in the Integrity House program." (Tr. at 30.) The Court also sentenced Foley to a one-year term of supervised release to commence after she serves her term of imprisonment. (See id. at 31.) The Court stated, "The sentence as stated is imposed." (Id.)

Defense counsel then asked the Court to clarify whether the Court's intention was "to direct that Ms. Foley be transferred to the Integrity House halfway house to serve out the remainder of her sentence." (Id. at 32.) The Court responded,

> My understanding and intent is that the Bureau of Prisons would have the ability to consider Ms. Foley's participation in that program as one of the options, but it is not a mandate because the Court does not interpret its authority to include mandating the Bureau of Prisons to assign an inmate to any particular facility.

(Id.)

Defense counsel then contended that he believed the Court "does have the authority to mandate that she serve the remainder of her sentence in a halfway house." (Id.) The Court responded that it would give defense counsel "a week . . . to submit whatever support you may have for your proposition that the Court has authority to mandate a particular facility." (Id. at 33)

2

The parties have now filed submissions in response to the Court's colloquy with counsel. The parties agree that while the Court can *recommend* to the Bureau of Prisons ("BOP") that a sentence of imprisonment be served at a residential reentry center or community corrections facility, the Court does not have the authority to *mandate* that Foley serve a period of imprisonment in a halfway house. See 18 U.S.C. § 3621(b) (stating that the Bureau of Prisons "shall designate the place of the prisoner's imprisonment"). The parties also appear to agree that Foley cannot in any event serve any period of incarceration at the particular Integrity House facility she initially requested, as Integrity House does not have a contract with the BOP. Foley thus requests that the Court recommend simply that the BOP consider her for placement in a community corrections facility with respect to any further term of imprisonment.

The Government further contends that to "comply with the allocution and presence requirements of Rule 32.1 and 18 U.S.C. § 3553(c)," the Court's "announcement and imposition of its final sentence in this matter should be in a proceeding held with the defendant's attendance in open court." (Dkt. No. 62 at 3.)

The Court, however, already announced and imposed its final sentence in this matter in open court with the defendant

present. (See Tr. at 30-31.) The parties since then have submitted nothing suggesting that the Court's understanding at the time with respect to its authority over the BOP — i.e., that the Court could make a recommendation to the BOP but that it could not "mandat[e] the Bureau of Prisons to assign an inmate to any particular facility" (id. at 30-32) — was incorrect. This Order serves merely to respond to the parties' post-sentencing submissions and to clarify, to the extent a clarification was needed at all, the sentence the Court already imposed on March 28, 2024.

The Court thus declines to hold an additional sentencing proceeding. The Court will enter judgment reflecting the sentence imposed on March 28, 2024 and will recommend to the BOP that Foley serve her term of 16 months' imprisonment at a community corrections facility. The conditions of Foley's supervised release after she serves her term of imprisonment will be the same conditions imposed with respect to her previous term of supervised release.

**SO ORDERED.**

Dated:   9 April 2024
         New York, New York

_____
Victor Marrero
U.S.D.J.